UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:13-Civ-23619-COOKE/TURNOFF

ROVIO ENTERTAINMENT, LTD.,

    Plaintiff,

v.

ANGRY CLUBS LLC, and PATRICK
CHARLES SIMPSON-JONES,

    Defendants.
_____/

**FINAL JUDGMENT AND PERMANENT INJUNCTION**

    Plaintiff Rovio Entertainment, Ltd. ("Rovio") filed a Complaint alleging trademark infringement, unfair competition, and other causes of action under Florida and federal law against Defendants Angry Clubs, LLC ("Angry Clubs") and Patrick Charles Simpson-Jones. Rovio alleges that Angry Clubs infringed Rovio's famous ANGRY BIRDS® trademarks in advertising, marketing, and selling golf and related apparel products for adults and children under the name "Angry Clubs." Angry Clubs does not admit to liability, but stipulates to entry of this Final Judgment and Permanent Injunction to resolve this matter.

    The Court now enters this Final Judgment and Permanent Injunction based on the following facts set forth below. Each party has waived the right to appeal from this Final Judgment and Permanent Injunction, and each party will bear its own fees and costs in connection with this action.

1

## STIPULATED FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.  **Procedural History**

1. On October 8, 2013, Rovio Entertainment, Ltd. ("Rovio") initiated the instant action for trademark infringement and trademark dilution under both federal and Florida law against Angry Clubs, LLC and Patrick Charles Simpson-Jones ("Defendants"). *See* Complaint, ECF No. 1. Among other things, Plaintiff sought recovery of damages, attorney's fees and costs, and preliminary and permanent injunctive relief.

2. Defendants waived formal service of process of the Complaint, but were provided with a true and correct copy of the properly-issued summons and filed Complaint, and have read and understand the contents thereof.

3. This Court has subject matter jurisdiction over this lawsuit and personal jurisdiction over the Defendants. Venue is proper in this Court.

B.  **The ANGRY BIRDS® Marks**

4. In 2009, Rovio released its ANGRY BIRDS® electronic game and it quickly became an overnight global sensation. Since the original ANGRY BIRDS® game was introduced, additional variations of the game have been sold and distributed by Rovio under the ANGRY BIRDS® brand. The ANGRY BIRDS® games have been downloaded over 1 billion times, and players log more than 1 million hours of game time each day on the iOS version of the ANGRY BIRDS® game and 3.33 million hours per day across all platforms. There are approximately 40 million monthly active users across all platforms. *See* Complaint ¶ 11, *see also,* Exhibit A.

5. Rovio has won numerous awards for its ANGRY BIRDS® games. In February 2010, the ANGRY BIRDS® game was a nominee for the "Best Casual Game" award at the 6th annual International Mobile Gaming Awards in Barcelona, Spain. In September 2010, IGN, a popular international gaming website, named the ANGRY BIRDS® game as the fourth best iPhone game of all time. In April 2011, ANGRY BIRDS® won both the "Best Game App" and "App of the Year" at the UK Appy Awards. At the 15th Webby Awards in May 2011, ANGRY BIRDS® was awarded "Best Game for Handheld Devices." In April 2012, ANGRY BIRDS® again won the "Best Game App" award at the Appy Awards. In August 2012, ANGRY BIRDS® Space won the "Best Mobile/Tablet" award at the Golden Joystick Awards.  Complaint ¶ 12.

6. Rovio's ANGRY BIRDS® have been the subject of intense media coverage for the last several years. Extensive news stories, in-depth reports, and other journalistic pieces have appeared in nationwide publications such as The New York Times, The Wall Street Journal, The Chicago Tribune, The Los Angeles Times, TIME, and Newsweek, to name just a few. Moreover, every major television network in the U.S. and numerous cable channels have featured news reports and extensive stories about the ANGRY BIRDS® franchise. Complaint ¶ 12, Exhibit B.

7. Rovio is the owner of several valid, federally-registered, ANGRY BIRDS® trademarks, as well as a trademark application for "Angry" for use in conjunction with electronic games and a wide variety of related merchandise (the "ANGRY BIRDS® Marks"), including:

"Angry Birds," U.S. Registration No. 4,148,716;

"Angry Birds," U.S. Registration No. 4,200,545;

"Angry Birds," U.S. Registration No. 3,976,576; and

"Angry," U.S. Application Serial No. 85/689,262.

8. The ANGRY BIRDS® Mark is widely recognized by the general consuming public of the United States. Dr. Gerald Ford--a recognized expert in the field of trademark surveys--conducted a nationwide survey and found that approximately 84% of consumers recognized the ANGRY BIRDS® Mark. Dr. Ford concludes that "the ANGRY BIRDS® Mark is famous" and is "widely recognized among both the general public and the general consuming public." *See* Complaint ¶ 12 Exhibit D.

C. **The Angry Clubs Products**

9. Angry Clubs and Mr. Simpson-Jones have operated and currently operate a business located at 155 Ocean Lane Dr., # 113C Key Biscayne, FL 33149 from which Angry Clubs and Mr. Simpson-Jones advertise, market, and sell golf and related apparel products for adults and children under the name "Angry Clubs" (the "Angry Clubs Products"). True and correct copies of representative pictures of the Angry Clubs Products are set forth in Exhibit A to this Order.

10. Consumers are likely to be confused into believing that the Angry Clubs Products are somehow affiliated with, sponsored by, or otherwise connected with Rovio and its ANGRY BIRDS® Marks. Further, due to the widespread recognition and strength of the ANGRY BIRDS® Marks, the Angry Clubs products are likely to dilute the distinctiveness of the ANGRY BIRDS® Marks.

11. Angry Clubs and Mr. Simpson-Jones hereby represent and warrant that, pursuant to the terms of this Order, they will not use, market, promote, or advertise any goods or services of any kind that utilize the name "Angry Clubs", or the Angry Clubs "A" logo as depicted on the Angry Clubs Products.

12. In light of Defendants' representations, and due to the likely confusing and diluting nature of the Angry Clubs Products, a permanent injunction is in the best interests of the parties and the public.

## ORDER

In light of the above findings, it is hereby **ORDERED and ADJUDGED** as follows:

**A.**   Judgment is hereby **ENTERED** in favor of Rovio on its claims against Defendants.

**B.**   Within thirty (30) days after the entry of this Final Judgment and Permanent Injunction, Angry Clubs, Mr. Simpson-Jones and their agents, employees, servants, predecessors, successors, assigns, affiliates, and all persons acting in concert or participating with them who receive actual notice of this Final Judgment and Permanent Injunction, are hereby permanently **ENJOINED and RESTRAINED**, directly or indirectly, from doing, authorizing or procuring any persons to do the following:

1.   Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising or promoting any consumer products (including golf products, clothing, and accessories) using the name "Angry Club", "Angry Clubs", the Angry Clubs "A" logo as depicted on the Angry Clubs Products, or any other words or symbols that so resemble the ANGRY BIRDS® Marks as to be likely to cause consumers to believe that Angry Clubs' or Mr. Simpson-Jones' business is affiliated with, sponsored by, or is otherwise approved by Rovio, or which is likely to cause dilution of the ANGRY BIRDS® Marks;

2.   Using or filing applications for the registration of trademarks, designs or other intellectual property that is confusingly similar or diluting to the ANGRY BIRDS® Marks;

3.   Assisting, aiding or abetting any person or entity engaging in or performing any act prohibited by this paragraph (A);

      4.     Within thirty (30) days after the entry of this Final Judgment and Permanent Injunction, Angry Clubs and Mr. Simpson-Jones shall execute and file with the State of Florida all paperwork necessary to abandon the use of the LLC name "Angry Clubs, LLC."

**B.**     Within forty-five (45) days after the entry of this Final Judgment and Permanent Injunction, Angry Clubs and Mr. Simpson-Jones shall file with this Court and serve upon Plaintiff's counsel a written report under oath setting forth in detail the manner in which they have complied with this Final Judgment and Permanent Injunction.

**C.**     Should this Court find Angry Clubs or Mr. Simpson-Jones to be in contempt of this Final Judgment and Permanent Injunction, the party in contempt shall be liable for liquidated damages in the amount of $500.00 for each day that such party is found to be in violation of this Final Judgment and Permanent Injunction. Such party shall also be liable for any attorney's fees incurred by Plaintiff in any enforcement proceedings brought pursuant to this paragraph (C).

**D.**     This Court shall retain jurisdiction for the purpose of making any further orders necessary and proper for the construction or modification of this Final Judgment and Permanent Injunction, the enforcement thereof, and/or the punishment for any violations thereof.

      **DONE and ORDERED** in Chambers, at Miami, Florida, this 25th day of November 2013.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*